**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 28 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NOE ARIAS ORDONEZ,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General<br><br>Respondent. | No.   14-70780<br><br>BIA-1: A079-637-965<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2016[**]
San Francisco, California

Before:  GRABER and MURGUIA, Circuit Judges, and COLLINS,[***] Chief
District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Raner C. Collins, United States Chief District Judge
for the District of Arizona, sitting by designation.

Noe Arias Ordonez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application seeking withholding of removal under section 241(b)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3), and seeking protection under the Convention Against Torture ("CAT"), 8 C.F.R. § 1208.16(c). We have jurisdiction under 8 U.S.C. § 1252(a). We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Substantial evidence supports the BIA's adverse decision on withholding of removal, because Ordonez failed to establish a clear probability that he would be persecuted if returned to Mexico. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1185 (9th Cir. 2003) (holding that, to qualify for withholding of removal, a petitioner must show that it is more probable than not that he would suffer future persecution). The threats made against Ordonez occurred in the United States, and the alleged harm he faces in Mexico is speculative. We reject Ordonez's contention that the BIA erred in its analysis of this issue. Thus, Ordonez's withholding of removal claim fails.

Finally, although Ordonez sought protection under the CAT at the BIA, he

2

has waived review of this claim because he has not "specifically and distinctly argued" the CAT issue in his opening brief. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005).

      **PETITION FOR REVIEW DENIED**.